## STATE ex HOLCOMB, Relator, v INDUSTRIAL COMMISSION Respondent.

Ohio Appeals, Second District, Franklin County.

No. 3751.   Decided October 11, 1944.

W. A. Smith and O. G. Terry, Columbus, for relator.

Thomas J. Herbert, Atty. Gen., Robert E. Hall, Asst. Atty. Gen'l., Columbus, for respondent.

(SHERICK, J., of the Fifth Appellate District, sitting by designation in place of BARNES, P. J.)

### OPINION

BY SHERICK, J.

Relator's petition, the averments of which are admitted by respondent's answer to be true, pleads that on the 5th day

of April, 1944, the Commission made the following order respecting his claim No. 1359039:

· "This claim coming on for further consideration on the claimant's application for additonal compensation beyond date of last payment, filed herein December 22, 1943, and on the claimant's verbal request made April 4, 1944, that the Commission determine the nature and extent of his disability, make an award for the disability found, and pay said award in a lump sum, the Commission finds from the record that claimant has made a complete recovery from his injury of January 2, 1935, and that he is now being compensated for permanent total disability in claim No. 1309957; it is, therefore, the order of the Commission that both the application for additional compensation and the application for lump sum settlement be dismissed."

Relator further avers that this order denies· him the right to further participate in the State Insurance Fund, although it finds that his present physical condition is not the result of his injury of January 2, 1935; that he thereafter within the prescribed time asked for a rehearing as provided by §1465-90 GC, which the Commission denied. Relator asks that a writ of mandamus issue, directing the Commission to grant him a rehearing.

The pleading therefore presents but one issue and requires the solving of but one query, that is whether or not the order of April 5, 1944, deals with the extent of claimant's disability under his claim No. 1359039, or is it in fact a finding that his disability is the result of other outside causes.

Contestants agree that if the order determines the extent of claimant's disability, the matter rests solely with the Commission. But if it is a denial that claimant's disability is due to the injury, then the order amounts to a finding that it lacks authority to inquire into the extent of the claimant's disability, and is in fact a refusal to exercise jurisdiction, which entitles the relator to a rehearing as provided by §1465-90 GC.

Claimant maintains "that it makes no difference that he is being compensated for total disability on another claim". He says that his incapacity is admitted, and that his disability has been found not to be the result of his 1935 injury, from which it must follow that he is entitled to a rehearing and from which he may appeal to the Courts if the Commission denies him some compensation.

Respondent insists that it has found that claimant has made a complete recovery from his 1935 injury, and that its order goes only to the extent of disability, and that "since the record definitely shows that permanent and total compensation is being paid for the 1933 injury, claimant is being paid the highest degree of disability that can be paid under the Workmen's Compensation Law". It is argued that if the writ should issue, a rehearing be had and compensation not allowed, and the order be then appealed from, and a judgment be entered finding claimant is entitled to participate in the fund, then the Commission in compliance with the rule established in **State ex rel. Moore v Industrial Commision, 141 Oh St 241,** must pay some compensation by reason of the judgment. It is pointed out, that the result is total disability is being paid on one claim, and partial disability on another, and that the exclusive right of the Commission to determine the extent of claimant's disability and the amount of compensation to be paid has been encroached upon by the Courts and taken from it, all of which is contrary to the spirit of the Compensation Act.

We think the order of April 5, 1944, clearly states that claimant is found to have made complete recovery from his 1935 injury. This goes only to the extent of his injury. The words "that he is now being compensated for permanent total disability in Claim No. 1309957", is in one sense but surplusage, because the finding would have been complete and sufficient for its purpose without it. On the other hand, the phrase injected served another purpose. It recognized that claimant was totally disabled for which he was being compensated to the greatest extent contemplated by the Compensation Act. If he was totally disabled by a prior injury, a second injury could not increase his disability.

Upon his application he has been found totally disabled by his 1933 injury. He now in fact asserts that the extent of that disability was less than that found by the Commission. Yet he has accepted that award without objection, and now boldly asks for more, that he be paid more than one hundred per cent for his total incapacity, and that the Commission be required to pay more for his disability than the Act permits.

To direct an issuance of the writ requires a warped reading of the order, so that it may fall within the strict letter of the statute. It might well follow, if a right to participate in the fund was adjudged, that a Court will not only enter the field of determining the amount of disability and com-

pensation, but require by its aid the violation of the letter and spirit of the Compensation Act.

It is true that the Act should be liberally construed, but when ill considered construction may cause all this to come to pass it reaches absurdity which liberality ought not approve or countenance.

The relator having failed to established a clear right to the relief asked, the writ must be denied and the petition dismissed.

HORNBECK and GEIGER, JJ., concur.